# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
### Criminal Docket No.: 5:99CR27-6-V

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| ANGELA TWANETA FOSTER, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Defendant's "Motion Pursuant To Rule 60(b)." (Document #262)

On, February 20, 2000, Defendant Foster pled guilty to Count One of the Second Superseding Bill of Indictment, which alleged violations of 21 U.S. C. §846. On November 20, 2000, this Court sentenced Defendant to 97 months imprisonment. Judgment was entered on December 5, 2000. Defendant elected not to appeal her conviction or sentence.

Defendant has now filed a document challenging her sentence and conviction based upon the Supreme Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004). *See also* United States v. Booker, 125 S. Ct. 738 (2005). More specifically, Petitioner alleges that her sentence, based in part on drug quantity, cannot withstand Blakely because: 1) she did not stipulate to drug quantity; and 2) the jury was not asked to make findings beyond a reasonable doubt regarding drug quantity.

A review of Petitioner's filing reveals that Defendant's motion is most properly construed as a Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255. As set forth within United States v. Emmanuel, 288 F. 3d 644 (4th Cir.2002), the

Court is generally required to notify the Defendant if it intends to recharacterize a motion as a §2255 petition. Emmanuel, 288 F. 3d at 649. In addition, the Court must provide the Defendant with an opportunity to respond and supplement the motion, and the Court must explain the relevant law. Id. In cases where no adverse consequences will ensue, however, the movant is not entitled to the above-mentioned procedures prior to recharacterization of the filing. Emmanuel, 288 F.3d at 650.

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255. Under AEDPA, "[t]he limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court **and made retroactively applicable to cases on collateral review**; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 (*emphasis added*).[1]

---

[1] Generally, second or successive motions under §2255 are prohibited. 28 U.S.C. §2255. A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
    1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If the above-stated criteria is not met, the district court can dismiss the petition.

In this case, even if Defendant's filing is construed as a Motion To Vacate, Defendant's motion is untimely under AEDPA. The first and third subsections of Section 2255 are relevant here. Because Defendant did not appeal, her judgment became final upon entry of judgment. FED. R. CRIM. P. 32(d)(1). Entry of judgment occurred on December 5, 2000, more than three years before the instant motion. In terms of the third subsection, allowing a collateral attack under §2255 if new law is recognized by the Supreme Court and made retroactive on collateral review, neither Blakely or Booker have been recognized as such by the Supreme Court. Indeed, Apprendi v. New Jersey,[2] which Blakely and Booker follow, has not been deemed retroactive by the Supreme Court. Given the Supreme Court's recent decision that Ring v. Arizona[3] does not satisfy the test for retroactive application, there is no indication that the analysis of Apprendi would result in a different outcome. *See* Schriro v. Summerlin, 124 S.Ct. 2519, 2626 (2004)(Ring "announced a new procedural rule that does not apply retroactively to cases already final on direct review.") Therefore, Defendant's Motion To Vacate is deemed untimely and subject to summary dismissal.

Nonetheless, Defendant will be provided an opportunity to explain why her petition is untimely.[4] Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002)(requiring notice to pro se

---

Rules Governing Section 2255 Proceedings, Rules 4(b), 9(b).

[2] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

[3] Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)(applying principles announced in Apprendi to a capital sentencing scheme under Arizona state law).

[4] While Defendant is not necessarily entitled to the Emmanuel procedures described herein, the Court has explained the relevant law. In addition, due to the required Hill notice, Defendant effectively has the opportunity to supplement her motion as contemplated by Emmanuel.

3

Defendant prior to summary dismissal of untimely 28 U.S.C. §2254 petition).

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. **On or before September 9, 2005,** Defendant shall **RESPOND** to the instant Order in writing specifically advising the Court as to Defendant's preferred characterization and treatment of the filing as well as any legal or factual argument regarding the timeliness of her petition; and

2. The Clerk shall send copies of this Order to the Defendant and the United States Attorney's Office.

**Signed: August 15, 2005**

Richard L. Voorhees
United States District Judge